(52 Misc. Rep. 297).

AVERY et al. v. AVERY.

(Supreme Court, Special Term, Fulton County. January, 1907.)

ATTACHMENT—ACTIONS IN WHICH AUTHORIZED—CONTRACT.

Creditors of a decedent brought an action against his sole heir, under Code Civ. Proc. § 1843 et seq. The complaint did not allege that the heir had alienated the property which descended to him, but stated that an action for partition was pending between him and the other tenants in common. After the action was commenced, judgment in partition

was had, and the real estate sold, and defendant's share of the proceeds taken in attachment. The complaint further alleged that defendant was indebted to plaintiffs for the debt of his ancestor on a note, and prayed for its collection out of the property, and that, if the sale be had, the amount of the note be charged as a lien on defendant's share of the proceeds. *Held*, that the action arose on contract and was for the recovery of money only, within Code Civ. Proc. § 635, justifying an attachment where defendant was a nonresident.

Action by Alfred H. Avery and William J. Avery against Frederick L. Avery. Motion to dissolve attachment denied.

Nelson H. Anibal, for the motion.
H. D. Wright, opposed.

SPENCER, J. This action is brought by plaintiffs, as creditors of one Charles A. Avery, deceased, to enforce the liability imposed upon the defendant, as sole heir, by section 1843 et seq. of the Code of Civil Procedure. In such an action no judgment can be had against the heir personally unless it be alleged and proved that, prior to the commencement of the action or the filing of notice of the pendency thereof, the heir aliened the property which descended to him, or some part thereof. Code Civ. Proc. § 1854. The complaint here contains no allegation on this subject, except that an action of partition is pending between the defendant and the other tenants in common. The complaint also alleges that the defendant is indebted to the plaintiffs for the debt owing by his ancestor, and prays that the same be collected out of the property which descended to the defendant, and, in case a sale be had, be charged as a lien upon and paid out of defendant's share of the proceeds. The plaintiffs obtained an attachment upon the ground that the defendant is a nonresident. This motion is to vacate, on the ground that an attachment may not issue in an equitable action.

It appears from the papers that the partition action has, since this action was commenced, proceeded to judgment, the real estate been sold, and defendant's share of the proceeds taken under the attachment. I think the motion to vacate must be denied. The fact that the defendant is a nonresident was sufficient ground for the issuance of the attachment (Code Civ. Proc. § 636, subd. 2), provided the cause of action is one in which an attachment may issue. It is true that it has been said by respectable authority that it is now well established that an attachment will not issue in an action wherein an equitable remedy is sought. 2 Nichols, Pr. 1389. But I think the statement too sweeping, and the decisions upon which it rests not binding upon this court. In the same connection, the learned author mentions the case of Hamilton v. Penney, 29 Hun, 265, a decision which is controlling here, and in which equitable relief was sought by the foreclosure of collateral security and payment of the debt from the proceeds of a sale; and it was held that the action was upon a promissory note for the recovery of money only, within the meaning of section 635 of the Code of Civil Procedure, and that an attachment was proper. I think this is the reasonable construction of the language of the Code. Its provisions are satisfied if the action arises on contract and is for the recovery of money only. The case at bar is, to my mind, such an action. It is brought to recover the sum due on a promissory note, and any recovery had can only be the

recovery of money. The fact that such money must be paid out of a particular fund, or made out of the sale of particular property, does not constitute the action other than one for the recovery of money. To my mind the case is on all fours with Hamilton v. Penney, supra.

The motion to vacate is therefore denied, with costs. Ordered accordingly.